## Le Blanc *v.* Guidry et al.

Where a wife sues her husband for a separation of property, and restitution of her separate estate, commencing her proceedings by attachment, and judgment is rendered in favor of the husband, the community of property and conjugal relations being left in their integrity, no action can be maintained by the husband against the surety on the attachment bond, for damages.

APPEAL from the District Court of Lafayette, *Overton*, J.

*Mouton*, for the plaintiff. It is contended that the attachment bond being void as to the principal, cannot be enforced against the surety. According to the general principles of law, this would be correct; but this case is an exception. It is true that suretyship can only be given for the performance of a valid contract; but one may become surety for an obligation from which the principal debtor might get a discharge, by an exception personal to him, such as that of being a minor or married woman. C. C. 3005. Art. 3029 of the Code says that, the surety can oppose to the creditor all the exceptions belonging to the principal debtor, and which are inherent in the debt; but he cannot oppose exceptions which are personal to the debtor. Pothier says: "La nullité de l'obligation passée par la femme, n'étant aujourdhui que relative, celle du fidejusseur doit être valable." Pothier, Obligations, vol. 1, no. 194. Toullier is of the same opinion. Vol. 6, no. 393, 394. But this question has already been decided in the case of *Leckie* y. *Scott et al*, 10 La. 416.

*Nicholls*, for the appellant. The policy of our law declares the wife and husband incapable of contracting with one another except in certain cases. A contract of this kind would be destructive of domestic peace and contrary to good morals. The law, so long as the community exists, regards the husband and wife as one, and as possessing a common interest. The obligation contracted by the wife in favor of the husband, was one reproved by the law, and to which the surety could not accede. Any damages recovered against the surety formed a part of the community of acquets. C. C. 1784, 2214, 3215.

Pothier, on Obligations, in defining the rights of sureties says: "As the obligation of sureties is, according to our definition, an obligation accessory to that of a principal debtor, it follows that it is of the essence of this obligation

LE BLANC<br>v.<br>GUIDRY.

that, there should be a valid obligation of a principal debtor ; consequently if the principal is not obliged, neither is the surety, as there can be no accessory without a principal obligation ; the rule of law being : ' Cùm causa principalis non consistit, ne ea quidem quæ sequuntur, locum habent." '—No. 367. He states that surety cannot make a valid accession to the obligation of a woman, who obliged herself contrary to the prohibition of the Senatusconsultum Velleianum ; that, the obligation being contracted contrary to the prohibition of the law, is, in point of law, regarded as null, and, consequently, cannot serve as a foundation to the obligation of a surety." No. 395. Also, that, the engagement of surety on an obligation contracted by a married woman without being authorized, is null and void.

The judgment of the court was pronounced by

EUSTIS, C. J. This is a suit brought by the plaintiff on an attachment bond, in which he claims damages against his own wife, who is made a defendant, with her surety, *J. B. Guidry*, for the wrongful suing out of this writ. This writ was obtained at the instance of the wife, in a suit which she had instituted against the plaintiff, her husband, for a separation of property, and a restitution of her separate property. In this suit she completely failed in making out a case against her husband, and final judgment was rendered in his favor. The district judge rendered judgment against the surety, *Guidry*, for the sum of $335, with interest and costs, dismissing the suit as to the wife of the plaintiff. *Guidry* has appealed.

It seems to us that the defendant is bound to indemnify the plaintiff, for damages sustained by him in consequence of the unlawful issuing of the writ, inasmuch as he bound himself by his bond so to do, and the contract is certainly a valid one, and can be enforced in law, so far as the surety is concerned. Had a separation from bed and board been decreed between these parties, the right of the plaintiff would have been definite and distinct ; nor are we aware of any impediment to its being enforced. But the community of property, and the conjugal relations, subsisting between the plaintiff and his wife in their integrity, we think the institution of this suit is in direct conflict with the latter. It is a mode of chastising the the wife over the back of her surety, which is not consistent with the duty which the law imposes on the husband towards his wife. In this case the damage sustained is far below, in amount, the sum fixed as the minimum of the jurisdiction of the District Court, and the interests of the family require, that matters of this kind should not be made the subject of public recrimination and accusations against the wife, for the purpose of putting money into the pocket of the husband.

The judgment of the District Court is, therefore, reversed, and judgment rendered for the defendant, with costs in both courts.